UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NELSON ANTONIO CORDOVA LOPEZ, | § § | CIVIL ACTION NUMBER 4:26-cv-02548 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| BRET BRADFORD, *et al*, | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

Petitioner Nelson Antonio Cordova Lopez filed a petition for writ of *habeas corpus* under 28 USC §2241 on March 30, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention violates (i) the declaratory judgment entered in *Bautista v Santacruz*, 2025 WL 3713987 (CD Cal), (ii) the Immigration and Nationality Act, (iii) the Due Process Clause of the Fifth Amendment, and (iv) the Fourth Amendment with respect to 8 USC §1357(a)(2). Id at ¶¶23–64.

Pending also is a motion by the Government to dismiss or, in the alternative, for summary judgment. Dkt 5. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 1. It further contends that Petitioner's claims fail on the merits. Id at 2–15.

The Fifth Circuit has now issued a controlling decision in *Buenrostro-Mendez v Bondi,* 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that

all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See id at 502–08.

The undersigned has also determined a number of other issues before and since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- o *Sanchez-Sanchez v Bondi*, 4:26-cv-00144 (SD Tex, Jan 30, 2026): Holding that the order purporting to certify a nationwide class in *Maldonado Bautista* exceeded the jurisdiction of the Central District of California and has no preclusive effect. See also *Calderon Lopez v Lyons*, 2025 WL 3683918 (ND Tex) (Hendrix, J) (detailing jurisdictional issues), and *Bautista v Department of Homeland Security*, 26-1044 (9th Cir), Dkt 17 (staying district court order insofar as it extends beyond the Central District of California upon determination that "the government [ ] made a strong showing that . . . the district court exceeded its jurisdiction in certifying a nationwide class").

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.

- o *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that (i) claims as to lawfulness of arrest fail because an illegal arrest has no bearing on the legality of detention following arrest, and (ii) claims under the Suspension Clause necessarily fail to the extent that petitions are addressed on the merits.

The arguments presented by Petitioner in the petition and reply raise only issues resolved to the contrary in the decisions cited above.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Nelson Antonio Cordova Lopez is thus DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on   May 21, 2026   , at Houston, Texas.


Honorable Charles Eskridge
United States District Judge

3